Elizabeth Dumser, Respondent, v. Eva Nickles, etc., Appellant.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

James Forrester, Respondent, v. Helen Hicks Earle, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr and Stapleton, JJ.; Putnam, J., taking no part.

Wilhelmina Muller, Respondent, v. Adolph E. Muller and William A. Muller, as Executors, etc., of August W. Muller, Deceased, Appellants.— The evidence shows that while plaintiff knew that the money was deposited to the joint account of herself and her husband, she did not know the precise form of the several deposits, and did not understand in signing the checks and other papers, or otherwise, that the estate claimed the deposits or that she was releasing the same to the estate, nor was such her intention. In such regard the minds of the parties did not meet. Different inferences have been drawn by her sons from such participation as she had in the family counsels concerning the conduct of the business. But it does not satisfactorily appear that by assent to the propositions of others, or by her conduct, she consented to release her interest in the accounts, or understood that she was doing so. Judgment affirmed, with costs. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

Frank Neumann, as Administrator, etc., of Frieda Neumann, Deceased, Respondent, v. Hudson County Consumers Brewing Company, Appellant. — Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

The People of the State of New York, Respondent, v. Charles Andrew and Others, Appellants.— Judgment of conviction of the Court of Special Sessions affirmed by default. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

The People of the State of New York, Respondent, v. Philip Burnstein, Appellant.— In this case the jury were instructed that they might find a verdict of guilty against the prisoner on any one of the three crimes charged in the indictment, and the request by the district attorney to the trial court for an instruction that the jury might find defendant guilty of burglary and larceny was practically refused. The seeming inconsistency

---

* See Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), § 79c, subd. 3, added by Laws of 1913, chap. 461; Penal Law, § 1275, as amd. by Laws of 1913, chap. 349.— [REP.